UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

CHAIM E. STIEL on behalf of himself and
all other similarly situated consumers

       Plaintiff,

  -against-


CAVALRY PORTFOLIO SERVICES, LLC

       Defendant.

_____

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Chaim E. Stiel seeks redress for the illegal practices of Cavalry Portfolio Services, LLC in which it unlawfully engaged in the collection of consumer debts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 15 U.S.C. § 1692(a)(3) of the FDCPA.

4. The alleged debt that Defendant sought to collect from the Plaintiff involves a consumer debt.

5. Upon information and belief, Defendant's principal place of business is located within Valhalla, New York.

6. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

7. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

8. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, within this district.

### *Allegations Particular to Chaim E. Stiel*

10. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

11. On or about April 3, 2014, Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

12. Defendant threatened serious adverse consequences in the said collection letter, specifically stating: "We have reported information about your account to credit bureaus, late payments, missed payments, or other defaults on your account may be reflected in your credit report."

13. Upon information and belief, although the Defendant reports delinquent accounts to credit bureaus, the Defendant does not report "late payments, missed payments or other defaults."

14. The Defendant's said statement was a tactic to scare Plaintiff and the least sophisticated consumer into paying the debt.

15. The Defendant's said statement was therefore a threat to take an action not intended to be taken by the Defendant, in violation of the FDCPA, § 1692e(5).

16. In fact, three Courts in the Eastern District of New York have already rendered decisions in the Plaintiff's favor for the same or substantially similar issues.

17. The Defendant's said statement also constitutes a deceptive and misleading representation or means used in connection with the collection of a debt and for stating false credit information, in violation of the FDCPA, 15 U.S.C. §§ 1692e, 1692e(5), 1692e(8) and 1692e(10).

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

18. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through seventeen (17) as if set forth fully in this cause of action.

19. This cause of action is brought on behalf of Plaintiff and the members of a class.

20. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter bearing the Defendant's letterhead in substantially the same form as the letter sent to the Plaintiff, sent within one year prior to the date of the within complaint; (a) the collection letter was sent to a consumer seeking payment of consumer debts purportedly owed to Bank of America/FIA Card Services, N.A.; and (b) the collection letter was not returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(5), 1692e(8) and 1692e(10) for making false and deceptive threats of credit reporting and for stating false credit information.

21. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   (a) Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

   (b) There are questions of law and fact common to the class and these questions predominate over any question(s) affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

   (c) The only individual issue involves the identification of the consumers who received such collection letters, (*i.e.* the class members). This is purely a matter capable of ministerial determination from the records of the Defendant.

   (d) The claims of the Plaintiff are typical of those of the class members. All of the respective class claims are based on substantially similar facts and legal theories.

   (e) The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

22. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of

inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

23. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

24. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

25. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

26. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in his favor and against the Defendant and award damages as follows:

(a) Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k);
And

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
March 23, 2015

_____/s/ Adam J. Fishbein_____
Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff request**s** trial by jury on all issues so triable.


_____/s/ Adam J. Fishbein____
Adam J. Fishbein (AF-9508)

PO Box 520
Valhalla, NY 10595

1 1 00000293
388596



Phone: (866) 434-2995 • FAX: (914) 347-1973
www.cavalryportfolioservices.com

April 3, 2014

RE: Original Institution:    Bank of America/FIA Card Services, N.A.
Original Account No.:                    4395
Cavalry Account No.:                     75
Outstanding Balance:    $19977.28



Chaim E Stiel
1263 46th St Apt 2
Brooklyn, NY  11219-2060

**WE ARE REQUIRED BY LAW TO GIVE THE FOLLOWING INFORMATION ABOUT THIS DEBT.** The legal time limit (statute of limitations) for suing you to collect this debt has expired. However, if somebody sues you anyway to try to make you pay this debt, court rules REQUIRE YOU to tell the court that the statute of limitations has expired to prevent the creditor from obtaining a judgment. Even though the statute of limitations has expired, you may CHOOSE to make payments. However, BE AWARE: if you make payment, the creditor's right to sue you to make you pay the entire debt may START AGAIN.

Cavalry is offering a **40%** discount to you. That's right, you can settle your account for **$11986.37**. Simply mail your payment along with the coupon at the bottom of this page.

This offer expires thirty (30) days from the date of this letter. Please note, we are not obligated to renew this offer.

Please feel free to call us at **(866) 483-5139** to discuss this or other payment options available at Cavalry.

Sincerely,

Cristina Martinez

We have reported information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report.

---

**THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.
SEE REVERSE SIDE FOR IMPORTANT INFORMATION CONCERNING YOUR RIGHTS**

---

**PAYMENT COUPON**

Please detach and return this portion with your payment
to the address below.
Make Checks and Money Orders Payable to
**Cavalry Portfolio Services, LLC**.

Chaim E Stiel
1263 46th St Apt 2
Brooklyn, NY  11219-2060

If you would like to pay your account via our
secure website, please visit us at
https://payments.cavalryportfolioservices.com

**Cavalry Portfolio Services, LLC**
PO Box 27288
Tempe, AZ 85285-7288

| | |
|---|---|
| Original Institution: | Bank of America/FIA Card Services, N.A. |
| Original Account No.: | 4395 |
| Cavalry Account No.: | 75 |
| Outstanding Balance: | $19977.28 |

SIF_LTRG,
CVN.wfd
388596
Page 1 of 2